UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SARA MEDICI,                                               Case No. 3:11-cv-00959-HA

       Plaintiff,                                         OPINION AND ORDER

       v.

JPMORGAN CHASE BANK, N.A., a
nationally chartered bank and successor
in interest to Washington Mutual Bank;
NORTHWEST TRUSTEE SERVICES,
INC., a Washington business corporation;
BANK OF AMERICA, N.A., a nationally
chartered bank, successor by merger to
LaSalle Bank N.A., as Trustee for WAMU
2004-AR14; and JOHN DOE 1, any other
entity being successor in interest to
Washington Mutual Bank,

       Defendants.

_____

HAGGERTY, District Judge:

       Plaintiff filed this action following the allegedly wrongful foreclosure of her home in

2009.  Plaintiff asserts claims for negligence, breach of contract, injunctive relief, and attorney

fees.  Defendant Northwest Trustee Services, Inc. (NWTS) seeks dismissal from this action on

1 - OPINION AND ORDER

the grounds that the controversy is no longer justiciable because NWTS rescinded the foreclosure

sale.  Alternatively, NWTS asserts that plaintiff's negligence claim is untimely and untenable.

This court held oral argument on NWTS's motion on March 5, 2012.[1]  For the following

reasons, NWTS's Motion to Dismiss [14] is GRANTED.

## STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6), a

complaint must allege sufficient facts to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  When considering a motion to

dismiss, the court must determine whether the plaintiff has made factual allegations that are

"enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 545 (2007).  Dismissal under FRCP 12(b)(6) is proper only where there is no

cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal

theory.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The reviewing court must treat all facts alleged in the complaint as true and resolve all

doubts in favor of the nonmoving party.  *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th

Cir. 2009) (citation omitted).  The court need not accept any legal conclusions set forth in a

plaintiff's pleading.  *Ashcroft*, 129 S. Ct. at 1949-50.

---

[1] Counsel for defendant JPMorgan Chase sent a last minute substitute attorney, Mr. Purcell, to appear on its behalf at the hearing.  Purcell stated that he had not worked on the case, and was simply filling-in for counsel of record.  During law school, Purcell had been a student of one of the court's staff members.  The court disclosed that relationship to the parties during the hearing.  During the hearing and in subsequent correspondence to the court, all parties indicated that they waived any possible conflict of interest arising from Purcell's involvement at the hearing.

Additionally, a party who seeks to invoke the jurisdiction of the federal courts has the burden of satisfying the jurisdictional requirements. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). On a motion to dismiss filed under FRCP 12(b)(1), the district court may hear evidence regarding jurisdiction and resolve factual disputes where necessary. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## FACTUAL ALLEGATIONS

In accordance with these standards, the following facts are taken from plaintiff's First Amended Complaint, accepted as true, and construed in a light most favorable to plaintiff.

In October 2004, plaintiff entered into a loan agreement with Washington Mutual Bank (WM) to refinance the mortgage on her principal residence. She executed a promissory note and trust deed granting WM a security interest in her property. The note and trust deed were subsequently transferred to defendant JPMorgan Chase (Chase) when Chase purchased WM's banking operations in 2008. At some point, plaintiff's loan was transferred as part of a mortgage-backed security known as WAMU 2004-AR14, and defendant Bank of America, N.A. (BOA) became the trustee and beneficiary of plaintiff's loan. NWTS was plaintiff's loan servicer.

Plaintiff fell several months behind on her mortgage in the fall of 2008. She then contacted Chase and NWTS to inquire about a loan modification. Chase advised plaintiff that she might be eligible for a permanent loan modification, but needed to keep her loan in

delinquent status to maintain her eligibility.  Plaintiff's loan went into default.  NWTS notified

plaintiff that it had scheduled a foreclosure sale of her property for June 4, 2009.

Plaintiff contacted NWTS to request a reinstatement accounting of her loan while her

loan modification application was pending with Chase.  NWTS responded that it would provide a

reinstatement accounting, however, it failed to do so.  NWTS never offered to postpone the

foreclosure sale even though Chase representatives assured plaintiff that the sale would be

postponed while her modification was pending.

On May 29, 2009, plaintiff submitted a reinstatement payment in the amount and manner

as directed by Chase's representatives.  The payment cured plaintiff's default and reinstated the

loan in good standing.  Plaintiff timely made her June 2009 payment.  On June 10, 2009, Chase

notified plaintiff in writing that her loan had been reinstated in good standing, and the loan

modification application had been cancelled.  Am. Compl. at Ex. C

Despite the reinstatement of her loan, plaintiff's home was sold at a foreclosure sale on

August 14, 2009 to BOA.  On August 25, 2009, NWTS delivered a Trustee's Deed to BOA

transferring all ownership in plaintiff's home to BOA.  The Trustee's Deed was recorded in the

recorder's office of Washington County, Oregon.  Am. Compl. at Ex. D.

Plaintiff asserts that she first learned of the foreclosure sale on August 19, 2009 when she

discovered a notice of inspection on her front door in preparation for her eviction.  Plaintiff,

through her counsel, contacted the real estate broker listed on the inspection notice.  Plaintiff was

directed to the law firm that would be handling the eviction.  She provided counsel with a copy

of Chase's June 2009 letter of reinstatement, and was advised that this information would be

forwarded to Chase and NWTS.  Plaintiff continues to reside in her residence.

## DISCUSSION

Plaintiff asserts claims for negligence, negligence *per se*,[2] gross negligence, and injunctive relief against NWTS.  NWTS seeks dismissal of all claims against it based on a lack of subject matter jurisdiction, the statute of limitations, and failure to state a claim upon which relief can be granted.

1.    **Judicial Notice**

In support of its motion, NWTS asks the court to take judicial notice of a document entitled "Correction of Error(s) in the Deed and Mortgage Records Relating to a Trust Deed" (COE).  *See* Request for Judicial Notice at Ex. 1.  While the court's review is generally confined to the contents of the complaint during a motion under FRCP 12(b)(6), the court may review affidavits or further particularized allegations of fact to determine whether the court has subject matter jurisdiction.  *Maya*, 658 F.3d at 1067 (citations omitted).  Additionally, Federal Rule of Evidence (FRE) 201 gives the court the power to take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FRE 201(b)(2).  Public records are appropriate subjects for judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Pursuant to Oregon Revised Statute (ORS) 86.722, a person may present a document, in the form of the COE filed in this case, to the county clerk to "correct an error concerning the status or effect of a recorded trust deed."  ORS 86.722(1).  If properly filed, the county clerk must

---

[2] "[N]egligence *per se* is not a separate claim for relief, but is simply shorthand for a negligence claim in which the standard of care is expressed by a statute or rule." *Abraham v. T. Henry Const., Inc.*, 249 P.3d 534, 537 n.5 (Or. 2011) (citation omitted).

record the document in the county records.  ORS 205.246(1)(z).  Although plaintiff asks this

court to not accept the existence of the COE because of the circumstances preceding the

recording of the document, the COE is a public record.  It was recorded in Washington County

on February 25, 2011 with recording number 2011-016646.  *See* Request for Judicial Notice at

Ex. 1.  As a recorded document, it is easily verifiable and its accuracy cannot reasonably be

questioned.  Accordingly, NWTS's Request for Judicial Notice [16] is granted over plaintiff's

objection.

      **2.**    **Mootness**

      Article III of the United States Constitution limits this court's jurisdiction to cases or

controversies.  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) (citing U.S.

Const. art. III, § 2, cl. 1).  This restriction requires that an actual, ongoing controversy exist at all

stages of the federal court proceeding.  *Id.* (citation omitted).  Once the dispute between the

parties no longer exists, or the parties lack a legally recognizable interest in the outcome of the

litigation, the case becomes moot and must be dismissed.  *Id.* at 1086-87 (citations omitted). The

party asserting mootness, however, has a heavy burden to meet.  *Feldman v. Bomar*, 518 F.3d

637, 642 (9th Cir. 2008).

      NWTS contends that all of plaintiff's claims against it are moot because the Trustee's

Deed was rescinded in February 2011, approximately six months before plaintiff filed her

original Complaint in this case.  Plaintiff responds that the court should consider NWTS's

"unconscionable delay" and failure to notify plaintiff about the recording of the COE as evidence

of NWTS's negligence.  Plaintiff also argues that the COE is invalid because it does not actually

correct an error.  In essence, plaintiff contends that defendants wrongfully sold her residence at a

trustee's sale, but also opposes NWTS's rescission of the Trustee's Deed.  She cannot have it both ways.

Plaintiff's claim for injunctive relief is premised on the now rescinded Trustee's Deed.  In her Amended Complaint, plaintiff alleged that she would suffer irreparable harm if defendants enforced the Trustee's Deed and evicted her from her residence.  Since February 2011, however, title to plaintiff's residence continues to be held by plaintiff, so the court lacks the authority to grant plaintiff the relief she requests.  Plaintiff also requested an injunction to prevent defendants from "unilaterally rescinding the Trustee's Deed and reinstating the Loan . . . in contradiction to the accomplished foreclosure by the Defendants."  Am. Compl. at ¶ 57.  Because NWTS already rescinded the Trustee's Deed, the conduct sought to be enjoined has already occurred, and plaintiff's claim is moot.  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002).

Plaintiff's equitable claims also do not fall within the "capable of repetition, yet evading review" exception.  This exception to mootness applies only when the challenged action is too short in duration to be fully litigated, and there is a reasonable expectation that the plaintiff will be subjected to the same conduct again.  *Id.* at 871-72.  Here, there is no reason to believe that plaintiff will be evicted based on the rescinded Trustee's Deed.  Although plaintiff fears future foreclosure proceedings, such conduct is speculative and would not be based on the same conduct alleged in this litigation.  *See Sakugawa v. Mortg. Elect. Registration Sys. Inc.*, Civil No. 10-00028 JMS/BMK, 2011 WL 776051, *5-6 (D. Haw. Feb. 25, 2011) (holding that a homeowner's claim regarding a Notice of Foreclosure became moot once the notice had been rescinded, and noting that "[a]lthough nothing prevents anyone from seeking foreclosure on the

7 - OPINION AND ORDER

subject property again . . . any defects in that subsequent action would give rise to a separate

claim"). Thus, only plaintiff's tort claims remain.

Plaintiff contends that her negligence claims against NWTS remain justiciable. As pled

in her Amended Complaint, NWTS's relevant conduct includes: (1) scheduling the foreclosure

sale of her property, (2) failing to provide a timely reinstatement accounting, (3) failing to

postpone the foreclosure sale while plaintiff's loan modification application was being processed,

(4) conducting the foreclosure sale after plaintiff's loan had been reinstated, (5) recording the

Trustee's Deed which transferred ownership in plaintiff's residence to BOA, and (6) failing to

take any corrective actions. Am. Compl. at ¶¶ 6-18. As a result of these actions, plaintiff seeks

economic damages representing the loss of equity in her home, her loss of home ownership tax

benefits, any fees or expenses charged by Chase and BOA after her home was foreclosed, and her

attorney fees and costs incurred to resolve her dispute prior to litigation. Am. Compl. at ¶ 1, 28.

The rescission of the Trustee's Deed negates some of the alleged harm caused by NWTS.

Plaintiff has not lost the equity in her home and has not lost any prospective tax benefits.

However, plaintiff may have still suffered damages in the form of bank fees and attorney fees

during the period that she was trying to prevent the foreclosure sale and regain title to her

residence. NWTS has not met its heavy burden to prove that plaintiff's tort claims are moot.

**3.    Negligence**

**A.    Timeliness**

In its Amended Reply Brief, NWTS argued that plaintiff's claim against it for gross

negligence was time-barred. Generally, the court will not entertain arguments raised for the first

time in a party's reply brief. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that

"arguments raised for the first time in a reply brief are waived").  However, because plaintiff

requested an opportunity to respond to NWTS's timeliness argument, this court will briefly

address it.

Plaintiff pled that she first learned of the foreclosure sale on August 19, 2009, and filed

her Complaint on August 10, 2011—within the two year statute of limitations for negligence

claims.  *See* ORS 12.110(1).  NWTS argues, however, that plaintiff's claim of gross negligence

that was added in her Amended Complaint falls outside of the statute of limitations.  NWTS also

argues that plaintiff should have known on June 4, 2009 that the foreclosure sale was still going

forward.  These arguments are rejected.

Rule 15 expressly provides that an amended complaint relates back to the date of the

original pleading when the amendment asserts a claim "that arose out of the conduct, transaction,

or occurrence set out--or attempted to be set out--in the original pleading."  Fed. R. Civ. P.

15(c)(1).  Plaintiff's Amended Complaint added a claim for gross negligence arising from the

same facts and circumstances as her original negligence claims.  Additionally, plaintiff pled that

she had been advised by representatives from Chase in May 2009 that the foreclosure would be

postponed, and was told in June 2009 that her loan had been reinstated.  NWTS has failed to cite

any evidence indicating that plaintiff should have known by June 4, 2009 that her house would

be sold at a trustee's sale by NWTS.

### B.    Failure to plead a special duty or relationship

The parties agree that plaintiff's Amended Complaint seeks only economic damages.  *See*

Am. Compl. at ¶28; *Onita Pacific Corp. v. Trustees of Bronson*, 843 P.2d 890, 896 n.6 (Or.

1992) (describing economic losses as "financial losses such as indebtedness incurred and return

of monies paid, as distinguished from damages for injury to person or property"); *Harris v. Suniga*, 180 P.3d 12, 16-17 (Or. 2008) (noting that investment losses, such as a reduced stock price, and the loss of a testamentary gift are purely economic losses) (citations omitted). NWTS therefore asserts that plaintiff cannot state a claim for negligence, gross negligence, or negligence *per se* because the parties lack "a special relationship" that imposes a duty on NWTS.

Under Oregon law, a "negligence claim for the recovery of economic losses caused by another must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." *Onita Pacific Corp.*, 843 P.2d at 896 (citation omitted). Special duties exist in professional relationships, such as between attorneys and their clients, and in similar relationships based on loyalty or trust. *Id.* at 896-97.

A heightened duty also can arise from statute. *Bell v. Public Emps. Ret. Bd.*, 247 P.3d 319, 323 (Or. Ct. App. 2010). "Whether a statute creates a duty, the breach of which could be tortious to the one harmed as a result of the breach, is determined by discerning what the legislature intended." *Id.* (citations omitted). Thus, to state a negligence claim for economic losses based on statute, the plaintiff must establish that the statute's authors intended that breach of the duty imposed by statute would give rise to tort liability. *Id.* at 323-24 (citation omitted).

Although plaintiff's argument is not fully articulated, she asserts that ORS 86.753 imposes a special duty on NWTS that gives rise to a negligence claim. Pl.'s Mem. at 8. Section 86.753 provides that "[w]here a trustee has commenced foreclosure of a trust deed by advertisement and sale, the grantor . . . may cure the default or defaults at any time prior to five days before the date last set for the sale." ORS 86.753(1). Following the cure, the trustee must

dismiss all proceedings and the trust deed will be reinstated as if no acceleration had occurred. ORS 86.753(2). Plaintiff does not point to any aspect of the statute that evinces the Oregon legislature's intent to impose tort liability, and this court finds none.

The statute as a whole is part of ORS chapter 86, which defines and regulates the use of mortgages and trust deeds in Oregon. Nothing in the text or context of ORS 86.753 suggests that the legislature intended to create a duty on the part of a trustee that, if breached, could make it liable to the grantor of a trust deed. Rather, ORS 86.753 specifies the process for a grantor to cure a default, and directs the trustee to dismiss the action once the grantor fully cures. This reflects the legislature's intent "to protect the grantor against the unauthorized loss of its property and to give the grantor sufficient opportunity to cure the default." *Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp.*, 149 P.3d 150, 158 (Or. Ct. App. 2006). The court finds no evidence that the legislature intended this statute to also impose tort liability.

Moreover, ORS 86.790 states that a trustee "shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the trust deed." ORS 86.790(7). Plaintiff contends that a fiduciary duty is not required for a negligence claim, and cites to *Pereira v. Thompson*, 217 P.3d 236 (Or. Ct. App. 2009). Plaintiff's argument is misplaced. The *Pereira* court explained that a claim against an *attorney* for breach of fiduciary duty, which involves the duty of loyalty, and a claim for legal negligence, which involves the duty of professional competence, are separate torts. *Id.* at 246-47. Both actions, however, arose from the special relationship between an attorney and client. *Id.* at 247 (noting that by virtue of their relationship, an attorney owes a client a duty of care) (citations omitted). The *Pereira* court

therefore never discussed whether a traditional negligence claim can exist without a special relationship or a fiduciary duty.

The court also rejects plaintiff's argument based on a special relationship between the parties. A special relationship is defined by four traits: (1) one party relinquishes control over matters, usually financial, to the other party; (2) the controlling party is authorized to exercise independent judgment; (3) the relinquishing party relies on the controlling party to further its interests; and (4) the relationship resembles a relationship in which the law imposes a duty on the parties to act reasonably. *Bell*, 247 P.3d at 326 (citations omitted). Plaintiff has not met any of the criteria. Plaintiff, as the grantor of a trust deed, has not relinquished control to NWTS, and does not rely on NWTS to further her financial or other interest. Although NWTS serves as the trustee for the trust deed, plaintiff is not the beneficiary of the trustee relationship. Instead, NWTS is expected to comply with its statutory obligations to take the steps to foreclose a deed of trust on behalf of Chase, and to reconvey the trust deed upon satisfaction of the secured debt. *See* ORS 86.720-86.755; *Rapacki v. Chase Home Finance LLC*, 797 F. Supp. 2d 1085, 1091-92 (D. Or. 2011) (finding that a trustee of a trust deed owed no contractual obligation to the grantor, and that no special relationship existed between the parties).

The particular interaction at issue in plaintiff's Amended Complaint is NWTS's failure to terminate the trustee's sale upon notice from plaintiff that she had cured her default. The relationship between the parties is not special with respect to this interaction. NWTS was acting on behalf of Chase and was not exercising independent judgment to further plaintiff's interests. As trustee, NWTS's only responsibility under the statute was to dismiss the foreclosure proceedings once plaintiff cured her default. NWTS's relationship with plaintiff was just like any

12 - OPINION AND ORDER

grantor who effectively cured a default under a trust deed. *See Loosli v. City of Salem*, 170 P.3d 1084, 1088 (Or. Ct. App. 2007) (finding no special duty under the statute where the defendant's responsibility was to treat the plaintiffs' application like any other application). Thus, neither the statute nor the nature of the parties' relationship imposed a special duty running from NWTS to plaintiff that could support a negligence claim under these circumstances.

Finally, plaintiff contends that even if her claims against NWTS fail, NWTS may not be dismissed because it is a necessary party to this litigation. Under ORS 86.790, a successor trustee is a "necessary and proper party to any proceeding to determine the validity of or enjoin any private or judicial proceeding to foreclose a trust deed, but a trustee or successor trustee is neither a necessary nor a proper party to any proceeding to determine title to the property subject to the trust deed, or to any proceeding to impose, enforce or foreclose any other lien on the subject property." ORS 86.790(4). Plaintiff's claims for injunctive relief are no longer justiciable, so NWTS's presence is not necessary as to that aspect of her Amended Complaint. The court also finds that NWTS is not a necessary party for plaintiff's remaining claims against Chase and BOA because the validity of the foreclosure is no longer at issue.

### 4.    Leave to Amend

Realizing that her claim for injunctive relief is no longer justiciable, plaintiff alternatively seeks leave to file a Second Amended Complaint. She argues that her new complaint will "seek protection from the Defendants acting on the [COE] by the accrual of the loan obligation from August 2009, as if the foreclosure sale terminating the beneficiary's rights against Plaintiff did not occur, and by restarting foreclosure proceedings before the dispute raised by this case is resolved." Pl.'s Mem. at 6. She also contends that she will add allegations based on NWTS's

13 - OPINION AND ORDER

delay in recording the COE and its failure to notify her prior to its Motion to Dismiss that it had recorded the document.

When a viable case may be pled, the court should freely grant leave to amend.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  However, this liberality is subject to several limitations.  *Id.*  The court must assess four factors in determining whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment.  *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citations omitted). If the plaintiff previously amended the complaint, the court's discretion to deny leave to amend is particularly broad.  *Cafasso*, 637 F.3d at 1058.

Although plaintiff has already amended her complaint once as a matter of course, the court cannot conclude that any further amendments would be futile.  Based upon plaintiff's factual allegations and representations at oral argument, potential theories not pled in her prior pleadings may be viable.  Therefore, the court will grant plaintiff leave to amend within thirty days from the date of this Opinion and Order.

## **CONCLUSION**

For the reasons provided, defendants' Motion to Dismiss [14] is GRANTED.  Plaintiff's claims against NWTS are dismissed without prejudice.

IT IS SO ORDERED.

DATED this 16th day of March, 2012.

                                    /s/ Ancer L. Haggerty
                                       Ancer L. Haggerty
                                  United States District Judge

14 - OPINION AND ORDER