UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SARA MEDICI, | Case No.: 3:11-cv-00959-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JP MORGAN CHASE BANK, N.A., a nationally chartered bank and successor in interest to Washington Mutual Bank; NORTHWEST TRUSTEE SERVICES, INC., a Washington business corporation; BANK OF AMERICA N.A., a nationally chartered bank, successor by merger to LaSalle Bank N.A., as Trustee for WAMU 2004-AR14; and JOHN DOE 1, any other entity being successor in interest to Washington Mutual Bank, | |
| Defendants. | |

HAGGERTY, District Judge:

Sara Medici (plaintiff) filed this action against defendants alleging negligence and breach of contract in association with the wrongful foreclosure of her house. Currently, plaintiff seeks leave to file a Third Amended Complaint, adding a claim for the intentional infliction of emotional distress. Plaintiff also seeks two new forms of damages: personal injury damages related to her emotional distress and punitive damages. For the following reasons, plaintiff's Third Motion for Leave to File Amended Complaint [65] is denied.

1 -- ORDER

## BACKGROUND

In October 2004, plaintiff obtained a mortgage loan from Washington Mutual for the property at 7205 SW Dogwood Place, Portland, Oregon. Defendant Chase is the servicer of the loan. By May 2009, plaintiff was behind on her payments by $27,542.94. In January 2009, plaintiff received notice that defendants initiated foreclosure proceedings on the property. On May 29, 2009, plaintiff submitted a reinstatement payment in the sum of $27,542,94 to Washington Mutual. However, the foreclosure sale was not cancelled and the property was purchased by defendant Bank of America. Plaintiff learned of the foreclosure on August 19, 2009 and immediately retained counsel. After receiving her attorney's initial communication, defendant Northwest Trustee terminated all eviction proceedings. On August 27, 2009, Chase caused the trustee's deed for the foreclosure to be recorded in the recorder's office of Washington County. Since that time, the parties unsuccessfully worked to find a resolution for the wrongful foreclosure. Unable to agree on a resolution with plaintiff, defendant Northwest Trustee recorded a Correction of Error rescinding the foreclosure sale and Trustee's Deed in February 2011

Plaintiff filed this action on August 10, 2011. The original Complaint alleged negligence and breach of contract. Plaintiff filed an Amended Complaint on September 19, 2011 and a Second Amended Complaint on April 13, 2012. Plaintiff currently seeks leave to file a Third Amended Complaint to add a claim for intentional infliction of emotional distress and include punitive damages and personal injury damages related to her emotional distress.

## STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. Courts are directed to apply the rule's "policy of favoring amendments

2 -- ORDER

with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (internal quotation omitted). However, it is within the district court's discretion to grant or deny the opportunity to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to grant a motion to amend, courts consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and prior amendments to the complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355-56 (9th Cir. 1996). When a motion to amend is filed following discovery and while a motion for summary judgment is pending, the timing of the motion weighs heavily against allowing leave. *Schlacter-Jones v. General Telephone*, 936 F.2d 435, 443 (9th Cir.1991), *abrogated on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).

## DISCUSSION

Defendant contends that plaintiff's motion is untimely, the filing of plaintiff's Third Amended Complaint would result in undue delay, and the amendment is futile. Plaintiff responds that the timing of her motion is warranted, the filing of a Third Amended Complaint would not cause undue delay, and amendment is not futile.

### 1. Plaintiff's Third Amended Complaint Would Result in Undue Delay

Plaintiff filed her original Complaint over two years ago, and the court has twice granted her leave to amend the Complaint. A court's discretion over amendments "is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation omitted). In addition, a motion for leave to amend is viewed with disfavor when it is filed after discovery has closed and with a summary judgment motion pending. *Schlacter-Jones*, 936 F.2d at 443; *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F. 2d 1483, 1492 (9th Cir. 1983). In this case,

3 -- ORDER

discovery was completed on July 5, 2013. Allowing plaintiff to amend her complaint would require the court to reopen discovery so that defendants could seek information related to her claim for emotional distress. The additional discovery would significantly delay the resolution of this case. Also, plaintiff's Third Motion for Leave to Amend was filed almost four months after defendants' Motion for Summary Judgment [61]. These factors weigh heavily in defendants' favor.

Plaintiff argues that the timing of her motion is warranted. Specifically, plaintiff asserts that she did not know the facts necessary to claim intentional infliction of emotional distress until July 1, 2013, when plaintiff conducted a deposition of a Chase corporate representative. In consideration of this argument, the court ordered plaintiff to identify the evidence obtained in that deposition which supported her new claim. On October 29, 2013, plaintiff submitted several exhibits including relevant portions of the deposition transcript at issue. Through her submission, plaintiff identified evidence that demonstrates that defendants had actual notice of plaintiff's reinstated loan prior to the foreclosure. The transcript also demonstrates that defendants missed opportunities to avoid the wrongful foreclosure. However, these facts do not represent new evidence. Plaintiff must have known before filing her Complaint that defendants had actual notice of plaintiff's reinstated loan, because plaintiff personally spoke with Chase representatives concerning the reinstatement, and, on June 11, 2009, Chase sent a letter to plaintiff stating that her loan was reinstated in good standing. Similarly, plaintiff must have known before filing her Complaint that defendants had missed opportunities to avoid the wrongful foreclosure, as this is the basis for her original claim. Accordingly, plaintiff's arguments do not warrant her untimely motion.

///

### 2. Plaintiff's Amendment is Futile

Plaintiff seeks to add a claim of intentional infliction of emotional distress. Under Oregon law, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove that: "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's actions caused the plaintiff severe emotional distress, and (3) the defendant's actions transgressed the bounds of socially tolerable conduct." *Subramaniam v. Beal,* No. 3:12-cv-01681-MO, 2013 WL 5462339, *3 (D. Or., Sept. 27, 2013). Liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *House v. Hicks*, 179 P.3d 730, 736 (2008)). Whether the defendants' conduct is so extreme as to find them liable is a question for the court. *Id.*

Plaintiff argues that defendants conduct exceeds the bounds of socially tolerable conduct under Oregon law. For support, plaintiff relies upon *Turman v. Central Billing Bureau, Inc.*, 568 P. 2d 1382 (1977). In *Turman*, the Supreme Court of Oregon found that the following conduct exceeded the bounds of social toleration. The plaintiff had an outstanding account with Oregon City Eye Clinic in the amount of $46. *Id.* at 446. The plaintiff received an anonymous phone call from the defendant collection company, who told her that there would be someone out from the sheriff's office to serve papers upon her if she did not pay the outstanding sum. *Id.* at 447. The defendant threatened that the plaintiff's husband would lose his job and that they would lose their home and everything they owned. *Id.* Even though the plaintiff arranged for scheduled payments with the Oregon City Eye Clinic, the collection company continued to call the plaintiff

5 -- ORDER

numerous times over a period of nine days. *Id.* at 448. In those phone calls, the defendant harassed the plaintiff, calling her "scum" and "dead beat." *Id.* at 446.

The facts in *Truman* demonstrate an intention to harass the plaintiff and extreme conduct that is not present in this case. Defendants cite several cases in which courts have held that wrongful foreclosure does not exceed the bounds of socially tolerable conduct. *Reeves v. ReconTrust Co., N.A.*, 846 F. Supp. 2d 1149 (D. Or. 2012); *Subramaniam v. Beal,* 2013 WL 5462339, at *3; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011). In *Schmelzer v. Wells Fargo Home Mortg.*, No. CV-10-1445-HZ, 2011 WL 5873058 (D. Or., Nov. 21, 2011), the plaintiff asserted that defendants breached a contract, misrepresented authority (by claiming to have a beneficial interest in property when the plaintiff contended they did not), stalled on her loan forbearance requests in an attempt to add fees to the amount of principal and interest already owed by the plaintiff, and violated various provisions of the Oregon Trust Deed Act as well as state and federal debt collection practice laws. *Id.* at 14. Noting that all of the alleged conduct occurred as part of loan servicing, loan modification, debt collection, or foreclosure, the court found that the conduct may have caused stress but it is not "outrageous in the extreme." *Id.* Accordingly, the court dismissed the claim. *Id.* Similarly, in the present case, plaintiff alleges no fact that raises defendants' conduct beyond the bounds of social tolerance. Therefore, plaintiff's amendment to add the claim of intentional infliction of emotional distress is futile. Because plaintiff's claim for punitive damages is based on her intentional infliction of emotional distress claim, it is also futile.

///

///

///

6 -- ORDER

## CONCLUSION

Based on the foregoing, plaintiff's Third Motion for Leave to Amend [65] is DENIED.

IT IS SO ORDERED.

DATED this 25 day of November, 2013.

Ancer L. Haggerty
United States District Judge